UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL B. MCSHEA,

               Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY,

               Defendant.
_____/

CASE NO. 03-CV-72969-DT

DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND/FACTS**

Plaintiff Michael B. McShea filed the instant suit against Defendant Liberty Mutual Insurance Company before the Wayne County Circuit Court, State of Michigan on June 20, 2003. Defendant removed the matter to this Court on August 1, 2003. Defendant claims that the proper defendant is Liberty Life Assurance Company of Boston, an affiliate of Liberty Mutual.

Plaintiff was employed by Allied Domecq North American Company ("ADNAC") on June 28, 1982 and was separated from the company on March 7, 1997 due to his disability. (Amended Complaint, ¶ 11) Plaintiff's last position with ADNAC was Director, Total Compensation and Investment for the America's and "is a person extremely experienced and skilled in ADNAC benefit plans." (Amended Complaint, ¶¶ 12, 14) Plaintiff claims he was eligible to participate under ADNAC's employee long-term disability ("LTD") benefit plan purchased from Defendant. (Amended Complaint, ¶ 13) Plaintiff notified ADNAC on February 5, 1997 of his intention to file for LTD coverage and that he was scheduled to meet with a psychiatrist on February 12, 1997 for diagnosis and to begin treatment for depression. (Amended Complaint, ¶¶ 20-21) On February 12, 1997, Plaintiff's psychiatrist diagnosed Plaintiff with Severe Clinical Depression and indicated that

Plaintiff was disabled from further work. (Amended Complaint, ¶ 17) Plaintiff submitted his application for LTD benefits to Defendant and was met with repeated refusals, with a final determination of denial of LTD benefits on February 14, 2002. (Amended Complaint, ¶¶ 19, 34)

Plaintiff claims Defendant selected a last date of employment of February 5, 1997, which precluded him from eligibility under the LTD program. (Amended Complaint, ¶ 20) The February 5, 1997 date was based on language in the Severance Agreement between ADNAC and Plaintiff. (Amended Complaint, ¶¶ 20-22) Plaintiff claims that the Severance Agreement is a confidential document and the February 5, 1997 date should not have been used by Defendant. (Amended Complaint, ¶ 28) Plaintiff claims that the effective date of the Severance Agreement was May 7, 1997; therefore, the date Defendant should have used as last day worked was the May 7, 1997 date. (Amended Complaint, ¶¶ 27, 29) Alternatively, Plaintiff claims that other company records indicate his last date of work was March 7, 1997, therefore, Defendant should have used the March 7, 1997 date. (Amended Complaint, ¶¶ 31-32) Plaintiff admits that the last day he worked in ADNAC's Canadian Office was February 5, 1997, the day he advised the company he was going to go out on medical and would be seeking LTD. (Amended Complaint, ¶ 33)

Plaintiff appealed Defendant's denial of the LTD benefits. The final determination was issued on February 14, 2002. (Amended Complaint, ¶ 34) Plaintiff filed the instant Complaint on June 20, 2003 alleging three state law claims: Breach of Contract (Count I); Tortious Breach of Contract (Count II); and Violation of the Michigan Persons with Disabilities Civil Rights Act (Count III). Plaintiff amended the Complaint to add Count IV, Violation of the Employee Retirement Income Security Act, to recover benefits under 29 U.S.C. § 1132(a)(1)(B). (Amended Complaint, ¶¶ 67-79)

In an Order dated February 18, 2004, filed February 20, 2004, the Court dismissed Plaintiff's state law claims under Counts I, II and III of the Amended Complaint. The parties have now filed dispositive motions on the remaining Count IV–a claim under 29 U.S.C. § 1132(a)(1)(B). Responses and replies to the cross-motions have been filed and a hearing held on the matter.

## II. ANALYSIS

### A. Standard of Review

In *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998), pursuant to a majority decision, the panel set forth "Suggested Guidelines" to adjudicate ERISA actions.[1] The Sixth Circuit stated that the Rule 56 Summary Judgment procedure is "inapposite to the adjudication of an ERISA action" because of the Circuit's "precedents [which] preclude an ERISA action from being heard by the district court as a regular bench trial." *Wilkins*, 150 F.3d at 619.[2] "[I]t makes little sense to deal with such an action by engaging a procedure designed solely to determine 'whether there is a genuine issue for trial.'" *Id.* The district court should not use neither the summary judgment nor the bench trial procedures in deciding ERISA actions. *Id.* at 620. As to the merits of the case, the district court should conduct a review based solely upon the administrative record and render findings of fact and conclusions of law. *Id.* at 619. If a procedural challenge is alleged, such as lack of due process afforded by the administrator or bias on its part, only then may

---

[1] The Panel included, Judges Ryan, Cole and Gilman. Judge Cole wrote the judgment of the court, which all three judges agreed to, affirming the district court's decision granting judgment in favor of the Plan Administrator and affirming the district court's ruling that no evidence which was not submitted to the Plan Administrator is to be considered by the court. Judge Gilman wrote the opinion regarding the summary judgment issue, which was agreed to by Judge Ryan but not by Judge Cole.

[2] An ERISA claim is equitable in nature and is not eligible for a *jury* trial. *Wilkins*, 150 F.3d at 616, *citing Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990).

the district court consider evidence outside to the administrative record. *Id.* The discovery phase in an ERISA action will only cover the exchange of administrative record, and, if there is a procedural due process claim against the administrator, discovery is limited to evidence related to procedural challenges. *Id.*

A denial of benefits under an ERISA plan "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 103, 115 (1989). If a plan gives the administrator such discretion the administrator's decision is reviewed under the "highly deferential arbitrary and capricious standard." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991). Such decisions are not arbitrary and capricious if they are "rational in light of the plan's provisions." *Id.* at 984. "Discretionary authority" does not hinge on the word "discretion" or any other "magic word." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998)(en banc). Instead, the lower courts are to focus on the breadth of the administrator's power–their authority "to determine eligibility for benefits or to construe the terms of the plan." *Id.*

Both parties agree that the arbitrary and capricious standard applies in this case because the LTD policy vests Defendant with authority, "in its sole discretion, to construe the terms of the policy and to determine benefit eligibility." (Adm. Rec. Ex. 1, LTD Policy, LM-0025)

**B.     Proof of Claim**

Defendant claims that Plaintiff failed to timely file the proof of claim under the Plan. The Plan provision requires that the proof of claim be submitted no later than 90 days after the end of the 180-day elimination period. (LTD Policy, Adm. Rec. Ex. 1, LM-0027) Defendant claims

Plaintiff became disabled on February 5, 1997 and his last day of work was that day. Calculating the 180-day elimination period and 90 days after the period, Defendant claims Plaintiff should have submitted his proof of claim by November 5, 1997. Defendant received a notice of a possible claim by Plaintiff, in the form of an Employer's Statement on March 20, 2001, which had been completed on February 22, 2001. (Adm. Rec. Exs. 2 and 38, LM-0093) Defendant claims this is well beyond the 180-day plus 90 days after the elimination period time requirement under the Plan to submit a proof of claim.

Plaintiff claims that because his employer, ADNAC, refused to allow him to submit his claim, his claim was not untimely. Plaintiff further claims that Defendant improperly used the February 5, 1997 date as his last day of work, because Defendant relied on a date set forth in a confidential severance agreement between Plaintiff and his employer, ADNAC. Plaintiff argues that all the dates in Defendant's possession, other than the confidential severance agreement, point to March 7, 1997 as Plaintiff's termination date. (Adm. Rec. Ex. 38, LM-0093-0096, 482) Plaintiff alleges that Defendant's decision was tainted by a conflict of interest because Defendant has an interest in maintaining a positive relationship with its client, ADNAC, a company which employees more than 12,000 people, with more than 50 affiliates, in more than 50 countries. Plaintiff further alleges that Defendant was aware of ADNAC's position that Plaintiff was not eligible for LTD benefits because Maureen McBride, ADNAC's Senior Counsel, communicated with Defendant that Plaintiff was not eligible for LTD benefits. Plaintiff claims the involvement of ADNAC's Senior Counsel, rather than a human resources representative, shows personal bias by Ms. McBride against Plaintiff.

Courts recognize that a conflict of interest exists when an insurer both decides whether an

employee is eligible for benefits and pays those benefits. *See Firestone Tire & Rubber v. Bruch,* 489 U.S. 101, 109 (1989). If a plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "factor in determining whether there is an abuse of discretion." *Killian v. Healthsource Provident Administrators,* 152 F.3d 514, 521 (6th Cir. 1998) (citing *Firestone,* 489 U.S. at 109). The arbitrary and capricious standard must still be applied, keeping in mind the insurer's conflict of interest. *Killian,* 152 F.3d at 521. In this case, as noted above, the parties agree that the arbitrary and capricious standard must be applied. Taking into account the conflict of interest Defendant has in determining eligibility under Plan, paying out benefits and pleasing its client, the Court reviews Defendant's determination under the arbitrary and capricious standard.

In a letter dated July 27, 2001, Defendant denied Plaintiff's LTD benefits claim. (Adm. Rec. Ex. 24, LM-0102) The letter indicated that Plaintiff's application for LTD benefits was received by Defendant on March 20, 2001 and that it was an untimely submission based on the Notice and Proof of Claim requirement under the Plan. The letter further stated that the Plan requires a proof of claim to be submitted to Defendant no later than 90 days after the 180-day elimination period or no later than one year from the end of the proof of claim filing date if there is proof that there was an absence of legal capacity which prevented Plaintiff from submitting a timely claim to Defendant. (Adm. Rec. Ex. 24, LM-0103). Defendant calculated the last date to file a claim was November 8, 1997, based on the February 5, 1997 date from the confidential Agreement and Release between Plaintiff and ADNAC. (*Id.*)

The Notice and Proof of Claim provision under the Plan states:

1.  Notice

    a.    Written notice of claim must be given *to Liberty* within 20 days of the date of the loss on which the claim is based, if that is possible. If that is not possible, *Liberty* must be notified as soon as it is reasonably possible to do so.

    b.    When *Liberty* has the written notice of claim, *Liberty will send the Covered Person its claim forms.* If the forms are not received within 15 days after written notice of claim is sent, the Covered Person can send Liberty written proof of claim without waiting for the form.

2.    Proof

    a.    *Proof of claim must be given to Liberty. This must be done no later than 90 days after the end of the Elimination Period.*

    b.    Failure to furnish such proof within such time shall not invalidate nor reduce any claim if it was not reasonably possible to furnish such proof within such time. Such proof must be furnished as soon as reasonably possible, and in no event, except in the absence of legal capacity of the claimant, *later than one year from the time proof is otherwise required.*

    c.    Proof of continued Disability or Partial Disability, when applicable, and regular attendance of a Physician must be given to Liberty within 30 days of the request for the proof.

    d.    The proof must cover, when applicable:

        i.    the date Disability or Partial Disability started;
        ii.    the cause of Disability or Partial Disability; and
        iii.    the degree of Disability or Partial Disability.

(Adm. Rec., Ex. 1, LTD Policy, LM-0026-0027)(italics added). The "Elimination Period" is 180 days. (Adm. Rec., Ex. 1, LTD Policy, Schedule of Benefits, LM-0036)

The LTD Policy is clear that a proof of claim must be submitted no later than 90 days after the Elimination Period of 180 days. Defendant received a notice of a possible claim by Plaintiff, in the form of an Employer's Statement on March 20, 2001, which had been completed on February 22, 2001 by the Employer. (Adm. Rec. Exs. 2 and 38, LM-0093) In a letter dated March 22, 2001

to Plaintiff, Defendant indicated the receipt of the Employer's Statement for Long Term Disability from Plaintiff's employer, ADNAC. (Adm. Rec., Ex. 3, LM-0480) Defendant noted that it had not received the Employee's Statement or Attending Physician's Statement from Plaintiff. (*Id.* at LM-0481) The Disability Claim Form was submitted by Plaintiff to Defendant on April 12, 2001. (Adm. Rec., Ex. 4, LM-0477 to LM-0479)

Defendant's determination that Plaintiff's proof of claim form was untimely was not arbitrary nor capricious. Plaintiff states in his brief that ADNAC, his employer, and not Defendant, caused the 4-year delay in the submission of his application. (Plaintiff's Brief in Support of Motion for Entry of Judgment, p. 13) Plaintiff does not dispute that Defendant had no notice of his LTD claim until Defendant received the Employer's Statement on March 20, 2001. Plaintiff also does not dispute that Defendant did not receive the proof of claim form until Plaintiff sent the form to Defendant on April 12, 2001. With either the February or March 1997 date last worked by Plaintiff, Defendant did not receive any notice of a possible LTD claim from Plaintiff until March or April 2001, well-past the 180-day Elimination Period plus the 90-day time beyond the Elimination Period.

      **C.**      **ADNAC's Refusal to Provide Forms**

Plaintiff claims that his employer, ADNAC, had notice that Plaintiff may be applying for LTD benefits on February 5, 1997 and that ADNAC rebuffed Plaintiff's attempts to file a claim by refusing to give Plaintiff the appropriate form. Plaintiff, however, does not claim that Defendant refused to give Plaintiff a form nor does Plaintiff claim he initiated any contact with Defendant about Plaintiff's intent to file an LTD claim. The Plan is clear that Defendant, not the employer, must be given written notice of the claim and that when Defendant receives the notice, Defendant will then send the claimant Defendant's forms. (Adm. Rec., Ex. 1, LTD Policy, LM-0026) If the

claimant does not receive the forms, the claimant can send Defendant "written proof of claim without waiting for the form." (*Id.*) The Plan does not require a proof of claim to be submitted on Defendant's form. The Plan provides that a claimant can send a written proof of claim form without the form provided by Defendant. Even if Plaintiff's employer, ADNAC, refused to provide Plaintiff with the appropriate forms, the Plan did not require that the proof of claim be submitted on Defendant's own forms. The Plan merely required that a claimant submit a written proof of claim to Defendant. Nor did the Plan require that ADNAC give a claimant permission before a claimant files a claim with Defendant. The Plan provides that the claimant must give Defendant notice of the claim. The Plan further provides that Defendant, not ADNAC, has the "sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder." (Adm. Rec., Ex. 1, LTD Policy, LM-0025)

Plaintiff also claims that because his employer, ADNAC, through its counsel, Ms. McBride, refused to provide Plaintiff with information about the LTD policy (including refusing to provide Plaintiff with claim forms) as the "administrator" of the Plan, Defendant should excuse the late submission by Plaintiff. Defendant does not dispute that it has a fiduciary obligation to decide questions of eligibility. However, Defendant claims it is not the "administrator" of the Plan under ERISA, and that any fiduciary-type of claim against Defendant as the "administrator" is not cognizable under ERISA.

The term "administrator" under ERISA is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). If an "administrator" is not designated, the "plan sponsor" is the "administrator." 29 U.S.C. § 1002(16)(A)(ii). The LTD Policy does not identify the "administrator" of the plan. (Adm. Rec., Ex.

9

1, LTD Policy) The LTD Policy provides that the "sponsor" is ADNAC. (Adm. Rec., Ex. 1, LTD Policy, LM-0001, LM-0007) The "administrator" as defined under ERISA is ADNAC, not Defendant. ERISA provides that plan participants may have a claim against administrators of a plan for failure to provide certain information or for breach of fiduciary duty. See 29 U.S.C. §§ 1132(c), 1132(a)(3). Since Defendant is not an "administrator" as defined under ERISA, Plaintiff has no claim against Defendant for failure to provide any information for a breach of fiduciary claim. *See Vanderklok v. Provident Life and Accident Ins. Co., Inc.,* 956 F.2d 610, 617-18 (6th Cir. 1992) ("Only a plan administrator can be held liable under section 1132(c)."). Plaintiff's claim that because his employer, ADNAC, failed to provide him with the necessary forms, which then should be imputed to Defendant, is without merit, since Defendant is not the "administrator" as required under § 1132(c) and a breach of fiduciary claim under § 1132(a)(3).

**III.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Entry of Judgment **(Docket No. 26, filed June 7, 2005)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Entry of Judgment **(Docket No. 27, filed June 8, 2005)** is GRANTED.

   /s/   DENISE PAGE HOOD  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2006

I hereby certify that a copy of the foregoing document was served upon Karen Smith

Kienbaum, Esq. and James Hollihan, Esq. on February 17, 2006, by electronic and/or ordinary mail.

                                                    s/William F. Lewis
                                                    Case Manager